UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL L. GRAY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06 CV 103 |
| ) | |
| KENNETH ROLAND et al., ) | |
| ) | |
| Defendant. ) | |

O P I N I O N and O R D E R

Presently before the court is defendants' motion for summary judgment (docket # 13). For the following reasons, the motion is **GRANTED**.

I.  BACKGROUND

The undisputed facts are as follows. While awaiting trial in a criminal matter, plaintiff, Michael Gray, was incarcerated at the Miami County Jail from some time in September, 2003 until June or July, 2004. Plaintiff was housed in the C-Block in the Miami County Jail. During plaintiff's stay, the number of inmates in the C-Block fluctuated between 9 and 11. The C-Block had six cots. Plaintiff was never assigned a cot, and was instead given a mattress to use to sleep on the floor. Beginning some time in January, 2004 inmate Phillip Clement was housed in the C-Block. At around 6:30 a.m. on January 23, 2004, plaintiff went into the C-Block's "dayroom," and found Clement watching television. Clement informed plaintiff that the show he was watching would be over around 7:00 a.m. When Clement's television program was over, Clement left the

dayroom and returned to the cell block. Plaintiff changed the channel on the television. Clement later returned to the dayroom and became upset that plaintiff had changed the channel. A physical fight ensued between plaintiff and Clement. At some point after the fight had broken up, plaintiff called a jailer for help, and that jailer responded. At around 9:45 a.m., jailer Warren Maynard was notified by radio that plaintiff needed medical attention. After Maynard arrived at the C-Block, he removed plaintiff to a booking room for medical attention. Dr. Michael Jones examined plaintiff at around 12:40 p.m. and directed jail officials to take plaintiff to a local hospital. Gray was treated for injuries to his right shoulder and his face and sinuses at the Duke Memorial Hospital, and was then returned to the Miami County Jail. Gray was subsequently examined and treated by various doctors on several later dates.

Plaintiff filed this action in the Miami Circuit Court of the State of Indiana against defendants Miami County Sheriff Kenneth Roland and John Does (unknown agents, servants, or employees of Miami County Sheriff). Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that defendants violated his federal constitutional rights by acting with deliberate indifference to his safety and medical needs. In addition, plaintiff alleges Indiana state tort claims of negligence. Defendants removed this action to this court. (Notice of Removal, docket # 2.) Defendants have moved for summary judgment on plaintiff's § 1983 claims.

**II. STANDARD**

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See also United Ass'n of Black Landscapers v. Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990), *cert. denied*, 499 U.S. 923, 111 S. Ct. 1317, 113 L. Ed. 2d 250 (1991). FEDERAL RULE OF CIVIL PROCEDURE 56(a) provides that "[a] party seeking to recover upon a claim....may....move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." FED. R. CIV. P. 56(a).

Motions for summary judgment are governed by FEDERAL RULE OF CIVIL PROCEDURE 56(c), which states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

A genuine issue of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S.

1109 (1997). It is well settled that summary judgment under RULE 56 should be granted "only where it is perfectly clear that there is no dispute about either the facts of the controversy or the inferences to be drawn from such facts." *Cent. Nat'l Life Ins. Co. v. Fid. & Deposit Co. of Md.*, 626 F.2d 537, 539-540 (7th Cir. 1980) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## III. ANALYSIS

### A. Official Capacity Claims

Plaintiff has alleged that his federal constitutional rights were violated by Kenneth Roland acting in his official capacity as Miami County Sheriff. A § 1983 claim made against an individual in his official capacity is treated as a suit against the government entity of which he is an agent. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2000). Thus, plaintiff's claims against Roland in his official capacity are treated as claims against the county itself.

Local government entities can indeed be held liable under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipal liability is not available under a theory of *respondeat superior* alone, but rather only when a policy or custom of the municipality causes a constitutional injury.[1] *Id*. at 691-92. As explained below, plaintiff has not

---

[1] A § 1983 plaintiff can establish that a governmental entity's policy or custom took one of three forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the

4

established a constitutional injury upon which to ground his claim for municipal liability under § 1983, and therefore summary judgment is proper.

Plaintiff claims that defendants were deliberately indifferent to his safety and to his medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The Eighth Amendment protects *prisoners* from deliberate indifference to safety and medical needs. *Palmer*, 327 F.3d at 592. This protection is extended to pre-trial detainees such as plaintiff by the Due Process Clause of the Fourteenth Amendment. *Id*. In either case, deliberate indifference requires plaintiff to establish that the defendant prison official knew of and disregarded an excessive risk to inmate safety or health. *Id*. In other words, deliberate indifference "requires both an objectively serious risk of harm and a subjectively culpable state of mind." *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). Plaintiff claims that (1) Roland acted with deliberate indifference to his safety, and (2) Roland acted with deliberate indifference to his medical needs.

    *1. Failure to Protect*

Plaintiff claims that Roland was deliberately indifferent to his physical safety, in that Roland failed to protect him from the violence of other inmates - in this case Clement. Defendants argue that plaintiff failed to advise anyone that Clement had threatened him in any way, and thus there is no indication that Roland had knowledge

---

constitutional injury was caused by a person with final policy-making authority." *Palmer v. Marion Cty.*, 327 F.3d 588, 594-95 (7th Cir. 2003).

of and disregarded any risk that Clement posed. (Defs.' Memo. 13-14.) Plaintiff responds that he may rely on the more general threat to his safety posed by overcrowding at the Miami County Jail. (Pl.'s Memo. 2.) Although overcrowding by itself is not a constitutional violation, it may violate the constitution if it leads to increased violence among inmates. *See Malone v. Becher*, 2003 U.S. Dist. LEXIS 15790 (S.D. Ind. Aug. 23, 2003) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) ("Overcrowding itself, however, is not [a constitutional] violation unless it leads 'to deprivations of essential food, medical care, or sanitation . . . [or] increase[s] violence among inmates or create[s] other conditions intolerable for prison confinement.'")). Because plaintiff bears the burden at trial of proving his deliberate indifference claim, he is required to set forth specific facts showing that there remain genuine issues of fact as to overcrowding being a known risk to plaintiff's safety and as to Roland's disregard of that risk. *Palmer*, 327 F.3d at 593 (citing *Celotex*, 477 U.S. at 324). Plaintiff has not met this burden.

Setting aside the fact that the record is weak in admissible evidence that supports a finding of overcrowding at the Miami County Jail, the court finds that plaintiff has otherwise failed to meet his burden on two accounts.[2] Plaintiff has presented *absolutely*

---

[2]Plaintiff directs the court to Peru Tribune news articles which cite Roland as expressing concern about overcrowding at Miami County Jail. These articles, as out of court statements offered to prove the truth of their contents - that the jail was overcrowded - are hearsay. *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (noting that newspaper article offered to prove the truth of its contents is hearsay). As there is no exception to the hearsay rule under which the articles would be admissible at trial to prove that the jail was overcrowded, they are inadmissible at this stage to prove

*no evidence* to support findings that: (1) the asserted overcrowding was accompanied by increased violence among the inmates, and therefore posed a known risk to plaintiff's safety, and (2) Roland disregarded that risk. Without evidence as to the former, plaintiff has not established an objectively serious risk of harm, and has thus failed to prove the first prong of the deliberate indifference test. *Rhodes*, 452 U.S. at 348; *Edwards*, 478 F.3d at 830; *Palmer*, 327 F.3d at 593; *See Westbrook v. Archey*, 2006 U.S. Dist. LEXIS 80374, 43-44 (D. Ind. 2006) (finding where plaintiff presented "no evidence regarding the jail's capacity, the number of inmates in the jail at the time he was incarcerated there, or the incidence of violence supposedly spawned by such factors" his claim that jail was overcrowded during his stay failed for lack of evidence). Without evidence as to the latter, plaintiff has not established that Roland had a subjectively culpable state of mind, and has thus failed to prove the subjective second prong of the deliberate indifference test. *Edwards*, 478 F.3d at 830; *Palmer*, 327 F.3d at 593. As such, Roland's claim of deliberate indifference to his safety based on overcrowding fails for lack of evidence. This claim is accordingly **DISMISSED**.

> *2. Deliberate Indifference to Medical Needs*

---

that the Miami County Jail was overcrowded. *Id*. ("hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible at trial"). Thus, the court is left only with plaintiff's tenuous assertion in support of overcrowding: that during plaintiff's stay in the C-Block of Miami County Jail, the number of inmates fluctuated between 9 and 11, and the C-Block contained only 6 cots; as such instead of being assigned a cot, plaintiff was "given a mattress and told to find a place on the floor." (Pl.'s Dep., docket # 13-3, at 5-6.)

Plaintiff's second deliberate indifference claim is that Roland failed to provide him with adequate and timely medical treatment. (Compl. ¶¶ 15-21.) Constitutional principles "prohibit jail guards from 'intentionally denying or delaying access to medical care or intentionally interfering with medical care.'" *Zentmyer v. Kendall Cty.*, 220 F.3d 805, 810 (7th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Liability attaches only where defendants are deliberately indifferent to serious medical needs - that is, defendant has a "'subjective awareness' of the serious medical need and then act[s] with indifference to that need." *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006). Defendants argue that there is no evidence to prove that Roland acted with indifference to plaintiff's medical needs. Plaintiff does not contest this argument, and presents no evidence that Roland was indifferent to his needs or that the treatment that he received was somehow inadequate or untimely. As such plaintiff has abandoned his deliberate indifference to his medical needs claim. *White v. Gerardot*, 2007 U.S. Dist. LEXIS 11505 (N.D. Ind. Feb. 15, 2007); *Zimmer Tech., Inc. v. Howmedica Osteonics Corp.*, 2007 U.S. Dist. LEXIS 12518 (N.D. Ind. Feb. 22, 2007).[3] Defendants' motion for summary judgment on plaintiff's deliberate indifference to his medical needs claim is therefore granted, and the claim is **DISMISSED**.

---

[3]The inadequacies in plaintiff's evidence do not end here. Even if plaintiff had put forth evidence of delay, "[t]he mere fact of delay in providing medical care is not *per se* evidence of deliberate indifference." *Senisais v. Fitzgerald*, 940 F.Supp. 196, 199 (N.D. Ill. 1996) (citing *Estelle*, 429 U.S. at 97). Plaintiff must also "place verifying medical evidence in the record to establish the detrimental effect of delay . . ." *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996). Plaintiff did not do so.

**B. Individual Liability Claims**

    *1. Roland*

Acknowledging that Roland has been sued only in his official capacity, defendants argue "out of an abundance of caution" that anyway, individual capacity claims against Roland would fail. (Def.'s Memo., docket # 14, at 11.) In his brief, plaintiff does not dispute that he makes no individual capacity claims against Roland. Given this, and that the language of plaintiff's complaint speaks nothing of Roland in his individual capacity, yet clearly indicates that Roland is being sued in his official capacity, the court construes Gray's claims as being brought against Roland in his official capacity only. *Guzman v. Sheahan*, 2007 U.S. App. LEXIS 18660 (7th Cir. 2007) ("we have held that a complaint that does not make clear that it is brought in an individual capacity will be construed as having been brought only in an official capacity") (citing *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990) ("In the absence of any express statement that the parties are being sued in their individual capacities, an allegation that defendants were acting under color of law generally is construed as a suit against the defendants in their official capacities only.")) Defendants' arguments as to Roland's individual liability are therefore immaterial, and need not be addressed by this court.

    *2. John Does*

Plaintiff states deliberate indifference claims against John Does in their individual capacities. (Compl., Count V). Defendants move to dismiss these claims on

9

the ground that plaintiff has failed to identify the John Does. A deliberate indifference determination requires inquiry into a defendant's state of mind in order to determine whether the defendant was subjectively aware of a risk to a prison inmate. *K.F.P. v. Dane Cty.*, 110 F.3d 516, 519 (7th Cir. 1997). Such an inquiry cannot be accomplished without the identity of the defendant, and therefore a deliberate indifference claim cannot survive summary judgment where the defendant remains unidentified. *Id.* As plaintiff has failed to identify the individual John Does, his deliberate indifference claims against the John Does fail, and are accordingly **DISMISSED**.

## IV.  MOTION TO STRIKE

Defendants filed a motion to strike all of the newspaper articles that plaintiff submitted with his response to defendants' summary judgment motion. Defendants argue that the articles are inadmissible to prove Roland's knowledge of overcrowding at the Miami County Jail. Plaintiff responds that Roland's statements in the newspaper articles are admissible pursuant to FEDERAL RULE OF EVIDENCE 801 as party-opponent admissions. The court need not reach the merits of the motion to strike here, because plaintiff's overcrowding claim fails for other reasons explained above. Defendants' motion to strike (docket # 25) is therefore **DENIED AS MOOT**.

## V.  REMAND TO STATE COURT

Plaintiff's § 1983 claims having been dismissed, there remain no claims over which the court has original jurisdiction. As such, the court may now decline to exercise supplemental jurisdiction over the state law claims in this case. 28 U.S.C. § 1367(c)(3). In deciding whether to retain jurisdiction over pendant state claims, the court considers "judicial economy, convenience, fairness, and comity." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Barring unusual circumstances, as a general matter, when all federal claims are dismissed before trial, the balance of these factors dictates that the district court relinquish jurisdiction over the state law claims rather than resolve them on the merits. *Id.*; *See Payne v. Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998) ("Indeed, when the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations.") There exists no compelling reason for this court to retain plaintiff's state law claims. The court therefore **REMANDS** plaintiff's state law claims to the Miami Circuit Court of the State of Indiana.

## VI.  CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (docket # 13) is **GRANTED**. Defendants' motion to strike (docket # 25) is **DENIED as MOOT**. Plaintiff's Indiana state law claims are **REMANDED** to the Miami Circuit Court of the State of Indiana.

11

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 54(b), the court determines that there is no just reason to delay entry of judgment on plaintiff's 42 U.S.C. § 1983 claims, and accordingly directs the clerk to enter **FINAL JUDGMENT** in favor of defendants on plaintiff's claims pursuant to 42 U.S.C. § 1983.

**SO ORDERED.**

**Enter:** September 21, 2007

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT